FILED
2017 Apr-11 PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DAVID SUMNERS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| METROPOLITAN ) | |
| LIFE INSURANCE CO. ) | (Removed from the Circuit Court |
| ) | of Etowah County, CV-2016-900195) |
| Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, *et seq.*, Defendant Metropolitan Life Insurance Company ("MetLife"), incorrectly named in the Complaint as "Metropolitan Life Insurance Co.", hereby gives notice of the removal of this action from the Circuit Court of Etowah County, Alabama, where it is now pending, to the United States District Court for the Northern District of Alabama, Middle Division. As grounds for this removal, MetLife shows as follows:

1.     This action was commenced against MetLife in the Circuit Court of Etowah County, Alabama, on March 8, 2017, when Plaintiff's Complaint was filed. True and correct copies of all the pleadings, process and orders served upon MetLife or contained in the Court file in said action are attached hereto as Exhibit 1 and incorporated herein.

2. According to the Circuit Court docket and Court file, a summons was issued by the Circuit Court of Etowah County, Alabama on March 8, 2017, and served upon MetLife's agent for service of process by certified mail on March 13, 2017. (See Court Docket attached as part of Exhibit 1). Because less than thirty (30) days have passed since the Defendant was served with a copy of the Complaint, this removal is timely under 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of the removal of this action, together with a copy of this Notice of Removal, with the Clerk of the Court in the Circuit Court of Etowah County, Alabama, and is serving a copy on all counsel.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because this Court is the federal judicial district in which the Circuit Court of Etowah County, Alabama, where this action was originally filed, is located

5. In the Complaint, Plaintiff alleges that MetLife has not paid long term disability insurance benefits to Plaintiff pursuant to an employee benefit plan in which Plaintiff participated in connection with his employment. Plaintiff expressly asserts that his cause of action is brought under federal law; namely, 29 U.S.C. § 1132 (Complaint ¶6), a section of the Employee Retirement Income Security Act of 1974 ("ERISA"). The controversy between Plaintiff and MetLife thus involves a federal question over which the Court has original jurisdiction pursuant to 28

U.S.C. §§ 1331 and 1441(a) and ERISA § 502(a), 29 U.S.C. § 1132(a). As such, this action is removable based upon an exercise of federal question jurisdiction over the expressly pled ERISA claim. *See Chilton v. Savannah Foods & Industries, Inc.*, 814 F.2d 620, 623 (11th Cir. 1987).

6. However, even if Plaintiff had not pled an ERISA claim on the face of his Complaint, Plaintiff's claims would be removable because, as Plaintiff states in his Complaint, the long term disability plan at issue was offered as part of an employee benefit plan. The benefit plan is a welfare benefit plan governed by ERISA and thus Plaintiff's claims are completely preempted by ERISA. Because Plaintiff states a claim that if not expressly plead as ERISA, would be completely preempted by ERISA, it is necessarily federal in character and thus removable to federal court. *E.g., Aetna Health Inc. v Davila*, 542 U.S. 200 (2004); *see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (finding claim related to employee benefit plan is preempted by ERISA and is removable pursuant to § 1441); *Butero v. Royal Macabees Life Ins. Co.*, 174 F.3d 1207, 1215 (11th Cir. 1999) (same). (See also Exhibit 2, which is a Plan document identifying the Plan as ERISA-governed).

7. For these reasons, this action necessarily includes a claim that arises under and is governed solely by ERISA and this action thus may be removed to this Court.

8. This Court has supplemental jurisdiction of any claim not encompassed by ERISA, because such claim, if any, is so related to a claim under ERISA that it forms part of the same case or controversy.

9. MetLife is the only named Defendant and thus all Defendants have joined in this removal.

WHEREFORE, Defendant MetLife prays that this Court will make any and all orders necessary to effect the removal of this cause from the Circuit Court of Etowah County, Alabama and to effect and prepare in this Court the true record of all proceedings that may have been had in this proceeding.

DATED this 11th day of April, 2017.

/s/ T. Matthew Miller
T. Matthew Miller (ASB-2129-166T)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Email: mmiller@bradley.com
One of the Attorneys for Defendant
Metropolitan Life Insurance Company

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2017, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and have mailed by United States Postal Service the document to the following:

>Myron K. Allenstein
>Rose Marie Allenstein
>Attorneys for Plaintiff
>Allenstein & Allenstein, LLC
>141 South 9th St.
>Gadsden, AL  35901
>myron@allenstein.com
>rose@allenstein.com

>/s/ T. Matthew Miller
>One of the Attorneys for Defendant